IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| LEONARD RAY PEEL, § § *Pro Se* Plaintiff, § § v. § § COUNTY ATTN. MARK COBERN, AND § TITUS COUNTY SHERIFF'S DEPT., § § Defendants. § | Civil Action No. 5:22-CV-32-RWS-JBB |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Leonard Ray Peel, proceeding *pro se*, originally filed this case in the 76th/276th District Court of Titus County, Texas (Cause No. 42446), naming County Attorney Mark Cobern and Titus County Sheriff's Department as defendants. Defendants removed the case to this Court in February of 2022. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636 and the applicable orders of this Court. Following removal, Plaintiff filed two consecutive motions to remand. Docket Nos. 7, 11. And Defendants filed a motion to dismiss the Plaintiff's "Amended Plea." Docket No. 15. Now before the Court is the Magistrate Judge's Report and Recommendation (Docket No. 28), Plaintiff's "Amended Plea and Partial Objection to Recommendation of U.S. Magistrate Judge" (Docket No. 31), a separately filed "Plaintiff[']s Amended Plea" (Docket No. 32), and Defendants' Objection to Plaintiff's Amended Plea (Docket No. 33).

    **I.  Relevant Law**

After conducting a *de novo* review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). The

court must conduct a *de novo* review of any portion to which any party files an objection. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). However, any portion that is not objected to is reviewed for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) (citations omitted).

## II. Analysis

In his amended plea and partial objection, Plaintiff explicitly states that he does not object to his motions to remand being denied. Docket No. 31 at 1. In the Magistrate Judge's report, he recommended Plaintiff's motions to remand be denied because, among other things, Plaintiff did not appear to seek an actual remand to state court. Docket No. 28 at 10–12. Upon review, the Court agrees with the Magistrate Judge. *See* Docket No. 7 at 1; Docket No. 11 at 2. Because this portion of the Magistrate's report is not objected to, and because the Court finds no clear error, the Court finds that the Magistrate Judge's recommendation should be adopted and the Plaintiff's motions to remand should be denied.

Plaintiff does, however, object to the remainder of the Magistrate Judge's report and asserts that he will "amend his plea" even though he disagrees that he has failed to state a claim. Docket No. 31 at 1, 5 (asserting that Plaintiff has a right to amend). Plaintiff then filed a separate Amended Plea (Docket No. 32). Defendants object to the Plaintiff's proposed amendment—arguing that the Defendants did not provide written consent and that the Court did not grant Plaintiff leave to file an amended complaint. Docket No. 33 at 2. The Court does not need to reach a decision regarding whether the Plaintiff should be permitted to amend his plea, because the Court finds that the Plaintiff's arguments have no merit.

Regarding the Titus County Sheriff's Department, Plaintiff disagrees that it cannot be sued. Docket No. 31 at 2. To support his position, Plaintiff asserts that an August 26, 2022 case called *Jerry Basingame v. Atlanta Police Department* "debunks the Judge[']s argument on if the Titus Co. Sheriffs Dept can be sued." *Id.* Plaintiff further argues that he responded to the Defendants' motion to dismiss against the Titus County Sheriff's Department by alleging that "they were pandering, buying time, ie [sic] wasting time frivalously [sic] clogging the courts, which the Magistrate Judge points out on page 13 of his report." Docket No. 31 at 4. Plaintiff continues to allege, among other things, that he "was illegally/falsely arrested 5 times . . . in a conspiratory ploy by numerous factions within a single entity consisting of the Titus County Sheriff's [Department], County [Attorney] Mark Cobern and residing Judge Brian P. Lee of Titus Co. and ultimately the 5th time [that he] was kidnapped [and] held illegally and unconstitutionally." *Id.*

These allegations do not satisfactorily address the Magistrate Judge's report, which explained that the Plaintiff failed to allege or show that the Titus County Sheriff's Department enjoys a separate and distinct legal existence such that it has the capacity to engage in litigation separate from Titus County.[1] Because there is no indication the Titus County Sheriff's Office enjoys a separate legal existence, it is not a proper party to this case, and the cause of action against it should be dismissed. *See Neal v. Flanery*, No. A-20-CV-1217-RP, 2021 WL 164555, at *2 (W.D. Tex. Jan. 19, 2021) (finding that the Austin Police Department was not a legal entity capable of being sued); *see also Potts v. Crosby Indep. School Dist.*, No. Civ.A. H-04-2582, 2005 WL 1527657, at *6 (S.D. Tex. June 28, 2005) (finding that the Harris County Sheriff's Department lacked capacity to sue or be sued). To the extent Plaintiff argues in his objections that Sheriff's Department is the proper entity to be sued, Plaintiff's objections are without merit.

---

[1] The Court was not able to locate the *Basingame* case relied upon by Plaintiff in his objections.

The issue remains whether Plaintiff should be allowed to amend to allege a Section 1983 cause of action against Titus County. The main difference between Plaintiff's earlier amended plea and the newly-filed proposed amended plea is that Plaintiff references Titus County in his proposed amended plea in both the style of the case and in the body of the proposed amended plea. *See*, *e.g.*, Docket No. 32 at 2 (alleging Plaintiff seeks 100 million dollars from Titus County). Substantively, Plaintiff asserts as follows:

> Plaintiff Leonard Ray Peel comes now and states his claim under the protection of the 1983 habeus [sic] corpus.
>
> Section 242 of Title 18 makes it a crime for a person acting under the color of law to willfully deprive a person of a right or priviledge [sic] protected by the Constitution or laws of the United States.
>
> For the purpose of section 242, acts under "color of law" includes acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official [sic] is purporting to or pretending to act in the performance of his official duties. – Includes police officers – and other law enforcement officials, as well as Judges – and others who are acting as public officials.
>
> Under Section 249(a) of title 18 of the Emitt Till anti lynching law. Peel[']s claim in paragraph 1, and 2, when viewed from a birds eye view or an angular motion, is clearly stated. Kidnapping. 2 angles exposes an intent. There are three angles exhibited in 4 different degrees. The forefront and most basic degree is Peel was denied a basic civil rights which was a bond in this case. A second degree would be there were 7 charges stacked against Peel with the sole purpose and intent of prohibiting Peel from making bond. Plaintiff here and now brings the above actions against **Titus Co.**

*Id.* at 3-4 (internal numbering omitted) (emphasis added).

Having considered *de novo* the allegations contained in Plaintiff's proposed amended plea, the Court finds Plaintiff fails to state a claim upon which relief can be granted as against Titus County. In addition to Section 1983, Plaintiff's proposed amended plea references 18 U.S.C. § 242. Section 242 makes it a federal crime punishable by fine or imprisonment to deprive any person of his constitutional rights under color of law. *Geiger v. Coker*, No. 6:22CV266, 2022 WL 4820481,

at *1 (E.D. Tex. July 19, 2022), *report and recommendation adopted*, No. 6:22-CV-00266, 2022 WL 4668015 (E.D. Tex. Sept. 30, 2022). But Section 242 is a criminal statute, which Plaintiff is not authorized to enforce; that authority is held by the United States Attorney. *Id.* (citations omitted). In *Geiger*, the court liberally construed the *pro se* plaintiff's complaint as having been brought under Section 1983, "which provides a private cause of action for redress of constitutional violations." *Id.*

In his proposed amended plea, Plaintiff also cites the Emmitt Till Act. Docket No. 32 at 4. The Emmitt Till Act is an anti-lynching provision codified at 18 U.S.C. § 249(a). *Cerf v. Parinello*, No. CV 4:22-1384, 2022 WL 2392033, at *3 n. 1 (S.D. Tex. July 1, 2022), *reconsideration denied*, No. CV 4:22-1384, 2022 WL 4856455 (S.D. Tex. Sept. 7, 2022). As above, this criminal provision does not confer a private right of action in civil proceedings. *Id.* Because none of Plaintiff's cited statutes provide for this Court's review of his constitutional claims in a civil action, the Court considers only whether Plaintiff could amend to state a claim against Titus County under Section 1983.

To hold a county liable under Section 1983 requires a plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Docket No. 28 at 15 (citing *Lowe v. Palo Pinto Cnty. Sheriff's Dep't*, No. 4:15-CV-285-A, 2015 WL 1781246, at *2 (N.D. Tex. Apr. 15, 2015) (quoting *Spiller v. Texas City Police Dep't*, 130 F.3d 162, 167 (5th Cir.1997) (internal quotation marks and citation omitted in *Lowe*))). To meet that requirement, a plaintiff must allege: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (quoting *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (internal citations omitted in *Lowe*); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Moreover, the description of a policy or custom and its relationship to

the underlying constitutional violation "cannot be conclusory; it must contain specific facts." *Id.* (quoting *Spiller*, 130 F.3d at 167). The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. *Id.* (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

As noted by the Magistrate Judge, Plaintiff alleged no facts that could support an action against Titus County. Plaintiff's proposed amended plea does not allege a policymaker, an official policy, or that any policy or custom was the moving force behind Plaintiff's alleged violation of his constitutional rights. Importantly, there are no specific facts in the proposed amended plea which would suggest a custom, policy, or practice that was the moving force behind the alleged constitutional violations. Consideration of the allegations contained in Plaintiff's proposed amended plea demonstrates the futility of amendment. Plaintiff can prove no set of facts in support of his claim against Titus County that would entitle him to relief.

Regarding County Attorney Mark Cobern, Plaintiff argues in his objections that the Supreme Court's ruling of absolute immunity from Section 1983 claims based on activities intimately involved with the judicial phase of the criminal process is "invalid." Docket No. 31 at 6. Plaintiff cites an Eleventh Circuit Court of Appeals case arising out of the shooting death of Jamarion Robinson, in which the appellate court addressed whether video evidence created a genuine dispute of material fact concerning whether law enforcement officers used excessive force while trying to arrest Mr. Robinson. *See Robinson v. Sauls*, 46 F.4th 1332, 1335 (11th Cir. 2022). According to Plaintiff's objections, the case was allowed to go to trial because the plaintiff's Fourth Amendment rights were violated, and the court's ruling "was based on identical grounds in which defendant Cobern[']s counsel argues." Docket No. 31 at 6. According to Plaintiff, to grant Defendants' motion to dismiss his claims against Cobern "would be allowing the defendants

pandering to continue tying up the courts with frivolous motions." *Id.*

The Court overrules Plaintiff's objections. Contrary to Plaintiff's assertion, the *Robinson* case does not involve the same issues as raised by Defendants' counsel or the Magistrate Judge in this case. The Magistrate Judge provided a thorough discussion as to why Plaintiff fails to state a claim against Cobern, the duly-elected County Attorney for Titus County, and why it would be futile to grant Plaintiff leave to amend to attempt to do so. Docket No. 28 at 16–27. The Court, considering Plaintiff's objections, and further considering the allegations contained in Plaintiff's proposed amended plea, agrees with the Magistrate Judge that Plaintiff fails to state a claim upon which relief can be granted as to Defendant Cobern.

### III.   Conclusion

Based upon the above analysis, the Court is of the opinion the findings and conclusions of the Magistrate Judge are correct. The Court hereby **ADOPTS** the report of the United States Magistrate Judge (Docket No. 28) as the findings and conclusions of this Court. It is

**ORDERED** that Plaintiff's objections are **OVERRULED**. It is further

**ORDERED** that Plaintiff's Motion to Remand (Docket No. 7) and Plaintiff's (second) Motion to Remand (Docket No. 11) are **DENIED**. It is further

**ORDERED** that Defendants John Mark Cobern and Titus County Sheriff's Department's Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 15) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows. Plaintiff's Section 1983 claims are **DISMISSED WITH PREJUDICE** for failure to state a claim. Any remaining state law claims are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the statute of limitations on any state law claims which Plaintiff may have against Defendants be tolled for a period of 30 days following the entry of the judgment of

dismissal, thereby allowing Plaintiff the possibility of refiling state law claims in state court. *See* 28 U.S.C. § 1367(d); *see also* Docket No. 28 at 27, n.5. The tolling of the limitations period should have no effect upon any claims which were already barred by limitations at the time the present lawsuit was filed.

**So ORDERED and SIGNED this 21st day of December, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE